## CENTRAL MILLS COMPANY *vs.* NEW YORK AND NEW ENGLAND RAILROAD COMPANY.

Worcester.   October 2. — 27, 1879.   ENDICOTT & LORD, JJ., absent.

A., the owner of a parcel of land, over which a railroad corporation was about to locate its road, made an agreement with G., the attorney and agent of the corporation authorized to settle land damages, by which the location over A.'s land was to be twenty feet in width, and not to include within it certain buildings. This agreement was reported to the managing officers and agents of the railroad corporation, and was ratified by them. At a meeting of the directors, a plan and location were exhibited, showing a location five rods wide, and G. stated that he had agreed with various owners of land to have the location of less width, and was directed by the president, in the presence of the directors, to make the necessary changes. G. thereupon made several changes in the plan and written location, but, by inadvertence, accident and mistake, did not alter the plan and location to conform to the agreement made with A., but left the location five rods wide, which included portions of his buildings. The plan and location were then adopted by vote of the directors as the location of the railroad, and were duly filed. *Held*, on a bill in equity brought by A. against the railroad corporation to have the location reformed, so as to correspond with the agreement, that there was no evidence that either G. or the managing officers had any authority from the corporation to make such an agreement, or that the president and directors had notice or knowledge of the agreement or of the fact that G. inadvertently omitted to alter the location over A.'s land; and that the bill must be dismissed.

BILL IN EQUITY, filed January 30, 1879, to reform the location of the defendant's railroad through the land of the plaintiff in the town of Southbridge. The case was heard by *Colt*, J., and reported for the determination of the full court, upon certain facts bearing upon the question of the liability of the defendant corporation as the successor of the Boston, Hartford and Erie Railroad Company, the corporation filing the location, which it is unnecessary now to state, and upon the following facts :

" The plaintiff made an agreement with Thomas E. Graves, the attorney and agent of the Boston, Hartford and Erie Railroad Company authorized to settle land damages, by which the location of the road through the plaintiff's land was to be twenty feet in width, ten feet on each side of the centre line, which centre line was to be located ten feet south of the southerly house of a row of brick houses belonging to the plaintiff, and extending southerly from the plaintiff's factory, excepting in such places as were to be filled, and in such places to the base of the filling. This

agreement was reported to the managing officers and agents of said railroad company, and was ratified by them. Neither the railroad company nor any of its successors or assigns, including the defendant, ever occupied the land of the plaintiff outside of said twenty feet, except so far as the filing of the location hereinafter stated may be considered occupation.

"Graves attended a meeting of the directors of the railroad company, in New York city, on January 23, 1866, at which meeting the engineer's plan and laying out of said road, showing a location five rods wide throughout the line, was produced for adoption. Graves prepared a vote of acceptance of the plan and location before the directors assembled, and afterward at the meeting stated to the president, in presence of the directors, referring to the engineer's plan and laying out: 'This will not do. I have made several agreements for narrowing in the location in Southbridge and other towns along the line.' There was no evidence that this statement was actually heard by any of the directors except the president, although there was some evidence that most of them were in the room. The president, without any interference or objection on the part of the directors, told Graves to 'fix the plan as it should be.' Graves thereupon, in the presence of the directors, made several alterations in said plan and laying out, and in the written location, indicating narrow locations ; but unintentionally, by inadvertence, accident and mistake, did not indicate on the plan and alter the same, or the written location over the plaintiff's land, so as to conform with the agreement made with the plaintiff, but left the plan and location five rods in width at that point. Thereupon the plan and location were adopted by vote of the directors as the location of the railroad, and were duly filed in the office of the clerk for the county of Worcester, on March 30, 1866.

"One Parker, the superintendent of the railroad company, being instructed by the officers of the company to negotiate a settlement of certain matters of difference regarding the use of a spur track at the point in question with the plaintiff, negotiated with the plaintiff for the purchase of a tract of land contiguous to the twenty-foot strip and within the location as filed, and reported his negotiations to the officers of the railroad company. No agreement was reached as a result of said negotia-

tions, and no claim was made to the land contiguous to said twenty-foot strip as within the location.

" The plaintiff supposed that the location filed in the clerk's office was in accordance with its agreement with Graves for a twenty-foot location until 1875, and there was no supposition to the contrary until the same time on the part of the railroad company. Parts of two houses belonging to the plaintiff are within the five rods' location, and the plaintiff has always been in undisturbed occupation of them as tenement-houses."

*W. S. B. Hopkins & J. M. Cochran*, for the plaintiff.

*F. P. Goulding*, for the defendant.

GRAY, C. J.   We do not find it necessary to decide the grave and important question argued at the bar, whether this court, sitting in equity, should, under any circumstances, order a definite location of a railroad, filed by the corporation with the county commissioners, as required by statute, to be reformed, upon evidence of a previous parol agreement between the corporation and the landowner, and of a mistake by which the location filed does not conform to such agreement; because we are clearly of opinion, that the report before us fails to furnish satisfactory evidence that the railroad corporation ever made such an agreement or such a mistake.

It does not appear that the attorney " authorized to settle land damages," who made an agreement with the plaintiff by which the location of the railroad through its land was to be only twenty feet wide and according to certain monuments, or the " managing officers and agents of said railroad company," to whom that agreement was reported and by whom it was ratified, had any authority from the corporation to make such an agreement; nor that the president and directors, who adopted by formal vote, and afterwards filed with the county commissioners, the location, of the full width of five rods over the plaintiff's land, and narrowed at other points by the attorney in their presence and with their assent, had any notice or knowledge of an agreement with the plaintiff, or of the fact that the omission of the attorney to make or suggest any alteration of the location over the plaintiff's land was unintentional and by inadvertence, accident or mistake.                      *Bill dismissed.*